**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**


U.S. COMMODITY FUTURES TRADING )
COMMISSION, )
                 )
         Plaintiff, )
                 )    No. 13 cv 2919
            v. )
                 )    Judge Sharon Johnson Coleman
TUNNEY & ASSOCIATES, P.C., and MICHAEL )
TUNNEY, )
                 )
         Defendants. )

## <u>Memorandum Opinion and Order</u>

Plaintiff, U.S. Commodity Futures Trading Commission ("CFTC"), filed its complaint on April 13, 2013, seeking a declaratory judgment and permanent injunction based on defendants, Tunney & Associates, P.C., and Michael Tunney (collectively "Tunney" or "defendants") violation of Regulations 1.16(d)(1) and 1.6(e)(2). CFTC also seeks disgorgement of benefits from the violation and a civil monetary penalty. Tunney moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Illinois statute of limitations for actions against accountants bars CFTC's claims. Alternatively, Tunney argues that the federal "catch-all" statute of limitations in 28 U.S.C. §2462 bars the claims. For the reasons stated herein, this Court denies the motion.

**Background**

The CFTC is the federal administrative agency that regulates commodity futures trading in the United States, and is charged with administering and enforcing the provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1, *et seq.* (2006) and its related regulations, 17 C.F.R.

§§ 1.1 *et seq.* (2012). (Compl. ¶ 10). Defendant Michael Tunney is a certified public accountant and sole owner of Tunney & Associates, P.C. (Compl. ¶ 12). Defendant Tunney & Associates, P.C. was established in 2000 and focuses its business on bookkeeping services and tax services. (Compl. ¶ 11). CFTC filed a complaint against Michael Tunney and Tunney & Associates ("Tunney") under the Commodity Exchange Act ("CEA") alleging that Tunney committed certain violations of the CFTC Regulations in their performance of audit services for their client, The Linn Group. (Compl. ¶¶ 35-46).

From 2007 to 2011, Tunney served as an independent auditor and conducted required year end audits for the brokerage house, The Linn Group, who was registered with the CFTC as a Futures Commission Merchant ("FCM"). (Compl. ¶ 1). Tunney was not qualified to conduct an FCM audit and had no understanding of the applicable Regulations. (Compl. ¶1). From 2007 to 2010 Tunney outsourced the audits to Mr. Y who was also not qualified to perform the FCM audits. (Compl. ¶2). Tunney performed the 2011 audit because Mr. Y had passed away. (Compl. ¶2). As a result the audits from 2007 to 2011 did not comport with Generally Accepted Auditing Standards ("GAAS") or other requirements set forth in the CFTC Regulations 1.16, 17 C.F.R. § 1.16 (2012). (Compl. ¶¶ 3-6).

The CFTC was aware of these violations and fully expected to file a complaint in October of 2012, but on October 25, 2012 counsel for the CFTC contacted Tunney and requested that Tunney enter into a tolling agreement with the CFTC. (Reply p. 2 ). If Tunney agreed to enter into the agreement the applicable statute of limitations would be tolled and Tunney would not be able to raise a statute of limitations defense. In exchange the CFTC would give Tunney an opportunity to negotiate a settlement. The CFTC put the agreement in writing and sent it to Tunney. (Response p. 4). On October 30, 2012, both Tunney and counsel for Tunney signed the

tolling agreement and sent it back to counsel for the CFTC. (Reply p. 2). October 30, 2012 was the effective date of the tolling agreement as stated in the agreement. (Response p. 4). The CFTC signed the copy on November 13, 2013, but did not notify Tunney that they had signed it nor did they deliver a signed copy to Tunney. (Response P. 12).

**Legal Standard**

In considering a 12(b)(6) motion, courts assume all facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 847 (7th Cir. 2008)*. Where the only conclusion that can be drawn from the undisputed facts is that a plaintiff's claim is untimely, a court may properly dismiss a plaintiff's claim based on statute of limitations at the motion to dismiss stage. *City Nat. Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 283 (7th Cir. 1994). However, a complaint does not need to anticipate or plead around affirmative defenses like statute of limitations. *U.S. v N. Trust Co.*, 372 F. 3d 886, 888 (7th Cir. 2004).

**Discussion**

Tunney moves to dismiss all of CFTC's claims asserting they are barred either by the two-year statute of limitations in Illinois for actions against accountants (735 Ill. Comp. Stat. 5/13-214.2), or by the federal "catch-all" statute of limitations contained in 28 U.S.C. § 2462. However, state statutes of limitations do not apply to actions brought by the federal government. *U.S. v. Summerlin,* 310 U.S. 414, 417 (1940); *U.S. v. Torres,* 142 F.3d 962, 966 (7th Cir. 1998). Therefore, CFTC's claims are not bound by 735 Ill. Comp. Stat. 5/13-214.2. CFTC concedes that section 2462 would bar some of its claims, but for the tolling agreement entered by the parties. The question before this Court is whether the parties entered into a valid and enforceable agreement tolling the statute of limitations.

CFTC attached a copy of tolling agreement to its response in opposition to the motion. A plaintiff need not plead all the facts in a complaint, it may add them by affidavit or brief as long as the facts are consistent with the allegations in the complaint. *G.M. Harston Constr. Co. v. City of Chicago*, 2003 U.S. Dist. LEXIS 19713 (N.D. Ill. Nov. 3, 2003) (citing *Help at Home Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 752 (7th Cir. 2001), the district court considered a tolling agreement that the plaintiff argued defeated the defendants' statute of limitations defense that the plaintiff attached in response). Because the existence of a tolling agreement between the parties is not inconsistent with the pleadings, this Court will consider the agreement in deciding this motion.

Tunney argues that the tolling agreement was never executed because, even though Michael Tunney and counsel for Tunney signed the agreement and returned it to CFTC, they never received a copy of the signed agreement back. The CFTC asserts that it was unnecessary for them to deliver a signed copy or to notify Tunney that they had signed the agreement for the agreement to be valid because it became valid when Tunney signed and returned the agreement to the CFTC.

Contract formation is governed by state law. *Janiga v. Questar Capital Corp.,* 615 F.3d 735, 742 (7th Cir. 2010). Under Illinois law, when the basic facts are not in dispute, the existence of a contract is a question of law. *Echo, Inc. v. Whitson Co., Inc.,* 121 F.3d 1099, 1102 (7th Cir.1997). An enforceable contract requires an offer, acceptance, consideration and mutual assent. *National Production Workers Union Ins. Trust v. Cigna Corp.*, 665 F.3d 897, 902 (7th Cir. 2011). An offer is made when a party's action induces a reasonable belief in the recipient that he can, by accepting, bind the offeror. *Wigod v. Wells Fargo Bank, N.A.* 673 F.3d 547, 561 (7th Cir. 2012). Consideration consists of some detriment to the offeror, some benefit to the

offeree or some bargained for exchange between them. *Id.* at 563-64. Mutual assent exists when the parties have a meeting of the minds. *National Production Workers Union Ins. Trust v. Cigna Corp.*, 665 F.3d 897, 902 (7th Cir. 2011).

Here, the CFTC and Tunney mutually agreed that they would enter into a tolling agreement. The consideration for this agreement was that the CFTC would get more time to conduct its investigation and Tunney would get the benefit of a delayed filing and the opportunity to engage in settlement discussions. Tunney suggests that the agreement was not executed because the CFTC did not "convey its acceptance." (Reply at 4). However, it was the CFTC, as offeror, that made an offer to Tunney to enter into the tolling agreement when they drafted the agreement and sent the agreement to Tunney. Indeed, as Tunney states in its reply, the tolling agreement was a "take-it-or-leave-it" offer. (Reply at 2). Tunney, as offeree, accepted CFTC's offer to enter into a tolling agreement on October 30, 2012, when Tunney and Tunney's counsel signed the tolling agreement and sent it back to the CFTC. Nothing in the agreement, or otherwise, required the CFTC to sign and deliver the tolling agreement back to Tunney for the contract to be valid. Simply put, CFTC did not need to accept Tunney's acceptance of CFTC's offer. At that point all the elements of a valid contract were present and the contract became binding on both parties.

Tunney relies on *M.J. Oldenstadt Plumbing Co., Inc. v. Kmart Corp.*, 257 Ill. App. 3d 759, 622 N.E. 2d 214 (3rd Dist. 1994)(where a plaintiff signed a written agreement and notified defendant that he had signed it instead of delivering it an enforceable contract was still formed) and *Soderstrom v. Rock River Valley Pigeon Club, Inc.*, 122 Ill. App. 3d 819, 461 N.E.2d 547 (3rd Dist. 1984) (finding that an enforceable contract existed where plaintiffs were notified by phone that the contract was signed), to support its assertion that the CFTC was required to notify

Tunney that it had signed the agreement. However, in each of those cases, unlike here, the delivery or phone notification was necessary for the offeree to notify the offeror that the contract had been accepted and a contract formed.

Tunney also argues that the CFTC did not take any action showing the existence of a valid agreement, and that the CFTC's consideration for the contract was illusory. However, Tunney acknowledges in email communications with the CFTC entering into the tolling agreement, and by that same token, the existence of a contract. Moreover, the CFTC delayed filing of the claims against Tunney, despite its intention to file the complaint in October 2012, constitutes action in conformity with the existence of an agreement. CFTC's promise to provide an opportunity for settlement is not illusory. Contracts are found to be illusory if they are fraudulent, unconscionable, or the result of undue influence. *Trucks, Ins. Exchange v. Ashland Oil, Inc.* 951 F.2d 787, 790 (7th Cir. 1992). The CFTC's actions or inaction, up until this point, are not illusory because there is still the opportunity present for both parties to negotiate a settlement.

This Court finding the existence of a valid tolling agreement, now turns to the question of whether the claims at issue are covered by the agreement. The objective when interpreting a contract is to ascertain and give effect to the intent of the parties. *Gore v. Alltel Communications*, LLC, 666 F.3d 1027, 1033 (7th Cir. 2012). Courts focus on the objective manifestations of the parties, including the language they used in the contract, to interpret the contract. *Id.* Where the contract language is unambiguous, courts enforce the contract as written. *Id.*

The effective date of the tolling agreement was October 30, 2012, and all of the conduct that the CFTC was investigating was defined as covered conduct. (Reply, Ex. 1 at p. 1). The relevant language of the tolling agreement states:

*"1.  Tunney agrees that the period of limitations contained in Title 28, United States Codes, Section 2462, including any other statutes of limitations that are applicable to the covered conduct and that have not run as of the Effective Date of this Tolling Agreement, are tolled through and including the period of twenty-four (24) months commencing on the Effective Date of the Tolling Agreement."*  (Reply Ex. 1 at ¶ 1)

*"2.  Tunney further agrees that, if the Commission were to commence an action against Tunney for claims for alleged violations of the Act, as amended, and the Commission's Regulations thereunder, based on the Covered Conduct, Tunney would not assert any statute of limitations defense with respect to such claims, so long as any such claims are not barred as of the Effective Date of the Tolling Agreement."*  (Reply Ex. 1 at ¶ 2)

Based on the effective date, all of the conduct investigated by the CFTC was still within the relevant statutory period and covered by the agreement. The CFTC filed the instant complaint on April 18, 2013, well within the twenty-four month tolling period provided for in the agreement. By signing the agreement, Tunney agreed that it would not assert a statute of limitations defense, if the CFTC brought claims that were not barred as of the effective date. Thus, this Court finds that the tolling agreement precludes Tunney's defense based on the statute of limitations and dismissal of the CFTC's claims is not warranted.

**Conclusion**

Tunney's Motion to Dismiss for failure to state a claim [9] is denied for the reasons stated herein.

Date:  August 21, 2013

Entered: _____
United States District Judge